IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEARTLAND HOMES, INC., | |
| Plaintiff, | |
| vs. | Case No. 15-cv-583-SMY-PMF |
| HOMES BY DEESIGN, INC., | |
| Defendant. | |

**ORDER**

This matter comes before the Court on Defendant Homes by DeeSign, Inc.'s Motion for Attorneys' Fees (Doc. 7) and Defendant's Motion to Stay (Doc. 24). For the following reasons, Defendants' Motion for Attorneys' Fees is **DENIED** and its Motion to Stay is **DENIED as moot**.

In its Motion for Attorneys' fees, Defendant alleges that it should be awarded attorneys' fees for defending against a previous case filed by Plaintiff. Plaintiff filed a Complaint for copyright infringement against Defendant in case number 14-cv-00822. Defendant filed a Motion to Dismiss in that case on October 14, 2014, and Plaintiff filed a Notice of Voluntary Dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(a). The Court ordered that the case be dismissed without prejudice.

Plaintiff then filed the instant lawsuit against Defendant on May 26, 2015, again alleging copyright infringement (Doc. 2). Defendant argues that as a result of Plaintiff's refiling of the suit, Defendant should be awarded attorneys' fees for defending against the previous action pursuant to Federal Rule of Civil Procedure 41(d).

Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that

1

previous action; and (2) may stay the proceedings until the plaintiff has complied."  The award of attorneys' fees pursuant to Rule 41(d) may be allowed only if the underlying statute defines "costs" to include attorneys' fees.  *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000). Here, the underlying cause of action in both the previous case and the current case is based on copyright infringement.  Thus, the Copyright Act (17 U.S.C. §505) determines whether attorney fees can be awarded.

The Copyright Act provides that "[i]n any civil action under this title, the court…may also award a reasonable attorney's fee to the prevailing party as part of the costs" 17 U.S.C. §505. The decision to award attorney fees is left to the Court's discretion.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517.  The Copyright Act does not permit automatic recovery of attorneys' fees.  *Id.*

Defendant and Plaintiff disagree as to whether a voluntary dismissal without prejudice on the part of Plaintiff renders Defendant the "prevailing party" for purposes of the recovery of attorneys' fees costs under Rule 41(d) and the Copyright Act.  However, it is unnecessary for this Court to make that determination.

Even assuming Plaintiff's voluntary dismissal of the initial action made Defendant the prevailing party, the Court declines to award attorneys' fees pursuant to Rule 41(d).  The Court agrees with Defendant's contention that a finding of bad faith or vexatious conduct by the plaintiff is unnecessary before it can order the payment of costs, including attorneys' fees under Rule 41(d). See *Fogerty*, at 524-525.  However, based on the circumstances surrounding Plaintiff's dismissal and refiling of the instant action, the undersigned does not find that Plaintiff's actions were vexatious or that Plaintiff gained any significant tactical advantage which would warrant the award of attorneys' fees as requested.  Accordingly, Defendant's Motion for Attorneys' Fees is denied and the Motion to Stay is denied as moot.

IT IS SO ORDERED.

Dated: **April 7, 2016**

**s/ Staci M. Yandle_____
STACI M. YANDLE
United States District Judge**