IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HEARTLAND HOMES, INC.,

        Plaintiff,

    vs.                             Case No. 15-cv-583-SMY-PMF

HOMES BY DEESIGN, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Homes by DeeSign, Inc.'s Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 18).  Plaintiff has filed a response in opposition (Doc. 23).  For the reasons that follow, Defendant's motion is **DENIED**.

Both Plaintiff and Defendant construct new homes in the Southern Illinois region.  In its Amended Complaint, Plaintiff alleges that Defendant infringed upon its copyrights for two model homes and model plans by creating identical homes (Doc. 17).[1]  Specifically, Plaintiff alleges that Defendant recreated Plaintiff's "Amherst Plans" and the "Chesapeake Plans" as found in Plaintiff's brochure (Doc. 17, ¶¶ 18, 27).  Plaintiff claims that it obtained ownership of the models and plans by way of a written Copyright Assignment executed by the authors of the models and plans.   The copyrights to the models and plans were given to Kevin Timmermann, the president and sole owner of Heartland Homes, via written agreements.

Defendant argues that Plaintiff's Amended Complaint must be dismissed for lack of subject-matter jurisdiction because Plaintiff lacks standing because it is not the owner of the copyrights at issue.  Defendant further argues that Plaintiff is not permitted to cure jurisdiction

---

[1] Both the Amherst Plan and the Chesapeake Plan were registered with the United States Copyright Office by their respective authors (Doc. 17, Ex. 3, Ex. 6).

defects at issue at this time, because jurisdictional facts are determined at the time the Complaint is filed.

In its Response to the Motion to Dismiss, Plaintiff asserts that it obtained ownership of the copyrights of the plans when the plan authors executed Copyright Assignment Agreements assigning the plans to Kevin Timmerman (Doc. 18-1, Ex. 1(b) and 1(c)) who is the president and sole owner of Heartland Homes (Doc. 23, Affidavit of Kevin Timmerman).   Timmerman later assigned his rights to Heartland Homes—however, these agreements were not attached to Plaintiff's Amended Complaint.   The agreements are not dated, but were attached to Plaintiff's Reply (Doc. 23, Ex. 3).

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff.  *Citadel Securities, LLC v. Chicago Bd. Options Exchange, Inc.*, 808 F.3d 694, 698 (7th Cir. 2015) (quoting *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)).   The plaintiff bears the burden of persuading the court that subject matter jurisdiction exists.  *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).   When a party moves for dismissal under Rule 12(b)(1) challenging the factual basis of the jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdiction facts.  *Id.*   Affidavits and other relevant evidence may be used to resolve the factual dispute regarding the court's jurisdiction.  *Id.*

Section 501(b) of the Copy Right Act provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled…to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. §501(b).   Beneficial ownership of a copyright is not restricted to those in the copyright's legal chain of title.

2

*Moran v. London Records, Ltd.*, 827 F.2d 180, 182 (7th Cir. 1987).   In this case, the authors of the plans, Frank Chaber and Thomas Montgomery, transferred their respective copyrights to Kevin Timmermann. While it is unclear from the Amended Complaint when Timmermann transferred his copyrights to Heartland Homes, it is of no consequence; Heartland Homes was a beneficial owner of the copyrights at the time the authors transferred their rights to Timmermann because it is clear that Timmerman was acting as an agent for Heartland Homes ("An agent is an individual who has a fixed and permanent relation to the companies he represents and who has certain duties and allegiances to such companies." *Pekin Life Ins. Co. v. Schmid Family Irrevocalbe Trust*, 834 N.E.2d 531, 680 (Ill. App. Ct. 1st Dist., August 16, 2005)).

Moreover, the registration forms for the copyrights list Heartland Homes as the "claimant" of the copyrights for the model plans and the model homes (Doc. 17, Ex's 2,3,6,7). According to the Code of Federal Regulations section 202.3(a)(3)(ii), a copyright claimant is a person or organization that has obtained ownership of all rights under the copyright initially belonging to the author.   37 C.F.R. §202.3(a)(3)(ii).   "This category includes a person or organization that has obtained, from the author or from an entity that has obtained ownership of all rights under the copyright initially belonging to the author, the contractual right to claim legal title to the copyright in an application for copyright registration."   37 C.F.R. §202.3(a)(3)(ii)(fn. 1).   Here, the copyright registrations indicate the intent of the authors to transfer their copyrights to Heartland Homes.   Heartland Homes is listed as the claimant in each copyright, and under each "transfer statement," the registration form indicates that the transfer occurred by written agreement (See Doc. 17, Ex's 2,3,6,7).   Thus, the Court has had subject matter jurisdiction from outset of this case.   Accordingly, Defendant's Motion to Dismiss is **DENIED**.

IT IS SO ORDERED.

Dated:  July 25, 2016

**s/ Staci M. Yandle_____**
**STACI M. YANDLE**
**United States District Judge**
